UNITED STATES DISTRICT COURT
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| Cosby Siringi, | : | Case No. 4:23-cv-01499 |
| individually and on behalf of | : | |
| similarly situated classes, | : | Judge Rosenthal |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Parkway Family Mazda/Kia, | : | |
| Defendant. | | |

### DEFENDANT PARKWAY FAMILY MAZDA/KIA'S
### MOTION TO DISMISS OR STRIKE PLAINTIFF'S CLASS ALLEGATIONS

Pursuant to Fed. R. Civ. P. 23(d) and 12(f), Defendant Parkway Family Mazda/Kia ("Defendant" or "Parkway") respectfully moves the Court for an Order dismissing or striking the class allegations contained in Plaintiff's First Amended Class Action Complaint (ECF No. 9)("Complaint").

Plaintiff cannot assert a class action pursuant to Fed. R. Civ. P. 23(b)(2) because class actions can only be brought under this section if the main relief sought is injunctive or declaratory, and money damages are only incidental. These requirements are not met here.

In addition, the proposed classes constitute improper fail-safe classes presupposing Defendant's liability.  Lastly, Plaintiff's Complaint defines his proposed putative classes in a manner that fails to state facts supporting even a threshold showing of commonality, typicality and predominance as required by Fed. R. Civ. P. 23.

For these reasons, Defendant moves the Court for an Order dismissing or striking the class allegations contained in Plaintiff's Complaint. A Brief in Support follows.

1

Respectfully submitted,

*/s/ Lisa A. Messner*
Lisa A. Messner (*Admitted Pro Hac Vice*)
MAC MURRAY & SHUSTER LLP
6525 W. Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
lmessner@mslawgroup.com

***ATTORNEY FOR PARKWAY FAMILY MAZDA/KIA***

### DEFENDANT PARKWAY FAMILY MAZDA/KIA'S BRIEF IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S CLASS ALLEGATIONS

**I.  STATEMENT OF THE NATURE OF THE PROCEEDINGS**

This case was removed from state court to this Court on April 21, 2023. (ECF No. 1)  After removal, Plaintiff filed the operative Complaint on May 18, 2023. (ECF No. 9)  Plaintiff's Complaint asserts putative class claims alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), and certain provisions of the Texas Business and Commerce Code.

**II.  INTRODUCTION**

Plaintiff's Complaint alleges Defendant violated §§227(b) and (c) of the TCPA by initiating telemarketing calls and text messages to the telephones of Plaintiff and members of a two separately defined "TCPA Classes" and two separately defined "Texas Classes."  The TCPA classes comprise persons who received prerecorded message calls as well as persons who received more than two calls within twelve months while their numbers were listed on the National Do-Not-Call Registry.  Plaintiff's Texas classes rest on similar allegations that Defendant violated the

2

Texas Business and Commerce Code by placing telemarketing calls and text messages in violation of the TCPA.

Plaintiff's class allegations should be stricken for four reasons. First, Plaintiff cannot assert a class action pursuant to Fed. R. Civ. P. 23(b)(2) because class actions can only be brought under this provision if the main relief sought is injunctive or declaratory, and money damages are only incidental. Second, the defined classes presuppose Defendant's liability, creating impermissible fail-safe classes that lack ascertainability. Third, Plaintiff's claims are not typical of putative class members. Lastly, individualized factual inquiries predominate over the putative class claims, which fail to show predominance.

### III.  FACTS ALLEGED IN THE COMPLAINT

Plaintiff alleges that his cellular number of 936-662-8927 is used for residential purposes and has been on the National Do-Not-Call Registry at least six months prior to the time he received the alleged telephone calls and text messages at issue here. (ECF No. 9 at ¶¶ 9.2-9.6)  Mr. Siringi also states he received fourteen prerecorded telephone calls and text messages between January 2020 and November 2020, placed without his prior express written consent. (ECF No. 9 at ¶¶ 9.6-9.18)

Plaintiff alleges that these telemarketing calls and text messages were unwanted nuisances, harassing and invaded his privacy. (ECF No. 9 at ¶¶ 11.2.1-11.2.3)  Based on Plaintiff's receipt of these telephone calls and text messages, he seeks to represent four putative national classes.

### IV.  PLAINTIFF'S PUTATIVE CLASS DEFINITIONS

Plaintiff seeks to represent four classes of persons defined as follows:

> "TCPA 227(b) Class"
>
> Since May 18, 2019, through the date of certification, Plaintiff and all persons within the United States to whose cellular telephone number

3

> Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call.
>
> "TCPA 227(c) Class"
>
> Since May 18, 2019, through the date of certification, all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry at the time of the calls.
>
> "Texas § 302.101 Class"
>
> Since May 18, 2019, through the date of certification, Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed (or had placed on their behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.
>
> "Texas § 305.053 Class"
>
> Since May 18, 2019, through the date of certification, Plaintiff and all residents of the State of Texas to whose telephone number Defendant: (1) placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227 or regulation promulgated thereunder.

(ECF No. 9 at ¶12.1)

Without citing any factual support, Plaintiff contends these above defined classes comprise of hundreds, if not thousands, of individuals. (ECF No. 9 at ¶12.6) Also, as noted above, Plaintiff alleges that he and putative class members necessarily suffered concrete harm in addition to statutory damages, as all members of the classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy. (ECF No. 9 at ¶12.10) Although Plaintiff fails to cite to any specific provision of the Rule, Plaintiff appears to seek certification of the putative classes pursuant to all subsections of Fed. R. Civ. P. 23(b). (ECF No. 9 at ¶17.1.1)

## V.   STATEMENT OF ISSUES TO BE RULED UPON

The issues to be ruled upon by the Court in connection with this Motion are as follows:

4

    (1)    Whether Plaintiff's claim for injunctive relief under Fed. R. Civ. P. 23(b)(2) should be stricken?

    (2)    Whether Plaintiff's proposed class definitions are impermissible fail-safe classes?

    (3)    Whether Plaintiff's Do Not Call classes should be stricken based on a lack of typicality because Defendant presents unique defenses applicable to the putative class members within these classes?

## VI. LAW AND ARGUMENT

### A. Standard of review for striking class allegations

Class certification is governed by Fed. R. Civ. P. 23. The Fifth Circuit recognizes that in order "to obtain class certification, parties must satisfy Rule 23(a)'s four threshold requirements, as well as the requirements of Rule 23(b)(1), (2), or (3)." *Maldonado v. Ochsner Clinic Foundation*, 493 F.3d 521, 523 (5th Cir.2007).

Specifically, under Fed. R. Civ. P. 23(a), Plaintiff must meet four requirements to sustain a class action: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). For purposes of meeting one of the three categories identified in Fed. R. Civ. P. 23(b), and relevant here, are the requirements of commonality and typicality.

Under the framework of Fed. R. Civ. P. 23, courts within the Fifth Circuit and throughout the country hold that, where it is obvious from the pleadings that the proceeding cannot move forward on a class-wide basis, district courts properly use their authority under Fed. R. Civ. P. 12(f)) to strike the class allegations. Specifically, Fed. R. Civ. P. 23(c)(1)(A) provides that the

district court should decide whether to certify a class *at an early practicable time* in the litigation, and the rule does not require that a court must first await a motion filed by the Plaintiff.

In fact, the Fifth Circuit holds that district courts possess authority to strike meritless class allegations on the pleadings. *See John v. Nat'l Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007)("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegations on the pleadings.").

Other district courts within the Fifth Circuit follow this same reasoning. For example, in *Aguilar v. Allstate Fire and Cas. Ins. Co.*, the court struck class allegations where the establishment of a pattern and practice necessarily required individualized inquires. Case No. 06-4660, 2007 U.S. Dist. LEXIS 16073, at *4-5 (E.D. La. March 6, 2007).

Similarly, in *Hedgepeth v. Blue Cross & Blue Shield of Miss.*, Case No. 05-142, 2006 U.S. Dist. LEXIS 3177, at *3-6 (N.D. Miss. January 18, 2006), the district court struck class definitions in a case involving ERISA claims, where the classes as defined included both persons with ERISA benefit plans and ones not covered by ERISA. The court held that a plaintiff must make a *prima facie* showing that he or she meets Fed. R. Civ. P. 23 requirements at the pleadings phase.

B.     The proposed classes fail to meet the requirements of Fed. R. Civ. P. Rule 23(b)(2).

Although Plaintiff purports to assert a class action under both Fed. R. Civ. P. 23(b)(2) and 23(b)(3), Plaintiff cannot seek to certify a class pursuant to Fed. R. Civ. P. 23 23(b)(2). "Class actions can be brought under Fed. R. Civ. P. 23(b)(2) if the main relief sought is injunctive or declaratory, and the damages are only 'incidental . . . .'" *Wolfkiel v. Intersections Ins. Servs.*, 303 F.R.D. 287, 293 (N.D. Ill. 2014).

TCPA actions are not amenable to certification under Fed. R. Civ. P. 23(b)(2) because the TCPA provides statutory money damages for each offense of the TCPA. Thus, permitting certification under Fed. R. Civ. P. 23 (b)(2) in TCPA cases would impermissibly allow "the

6

monetary tail to wag[] the injunction dog." *Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 516 (E.D. Wis. 2014).

Because the request for injunctive relief is, at best, incidental to monetary damages, Plaintiff's class allegations should be stricken to the extent that they are based upon Fed. R. Civ. P. 23(b)(2).

    C.    <u>Plaintiff's proposed class definitions are impermissible fail-safe classes.</u>

As explained above, Plaintiff seeks to represent four putative classes defined as follows:

- Since May 18, 2019, through the date of certification, Plaintiff and all persons within the United States to whose cellular telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call.

- Since May 18, 2019, through the date of certification, all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry at the time of the calls.

- Since May 18, 2019, through the date of certification, Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed (or had placed on their behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.

- Since May 18, 2019, through the date of certification, Plaintiff and all residents of the State of Texas to whose telephone number Defendant: (1) placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227 or regulation promulgated thereunder.

(ECF No. 9 at ¶12.1)

Each of Plaintiff's proposed classes presuppose Defendant's liability, creating "fail-safe" classes lacking ascertainability and creating individualized inquiries regarding whether each class member consented to be called. A "fail-safe" class defines membership in a way such that class membership can only be ascertained by a determination of the merits of the case because the class

7

is defined in terms of the ultimate question of liability. The class definition precludes the possibility of an adverse judgment against class members; the class members either win or they are not in the class. Simply stated, a fail-safe class definition is framed as a legal conclusion. *Simms v. Jones*, 296 F.R.D. 485, 507 (N.D. Tex. 2013), citing *In re Rodriguez,* 695 F.3d 360, 369-70 (5th Cir. 2012). While the Fifth Circuit declines the notion that a "fail-safe" class may never be certified, courts specifically recognize that "fail-safe" classes lack the ascertainability required by Fed. R. Civ. P. 23. *Simms v. Jones*, at 507.

Using this same analysis, federal district courts throughout the country hold that relying on questions of TCPA statutory consent as a basis for class inclusion creates an impermissible fail-safe class. Recently, in the Eastern District of Virginia, the court struck a class definition very similar to Plaintiff's Do Not Call Classes here.[1] In *Bryant v. King's Creek Plantation, LLC*, the court explained that "when plaintiffs define their classes to include members whose telephone numbers are listed on the National Do Not Call Registry, suggesting that the members did not consent to receiving the calls, a court cannot establish membership of the classes until the merits of the TCPA claims (that each class member's number is listed) is determined." *Bryant v. King's Creek Plantation, LLC,* Case No. 4:20-cv-00061, 2020 U.S. Dist. LEXIS 226044, at **7-8 (E.D. Va. June 22, 2020). The Court held that members of a TCPA class defined to include lack of consent, either explicitly or via the members' telephone listing on the National Do Not Call Registry, will automatically prevail on the TCPA claim, while individuals who consented to the calls would be defined out of the class and not bound by a judgment, creating an impermissible fail-safe class. *Id.* at **7-8.

---

[1] In *Bryant,* the class definition was "National Do Not Call Registry Class: All persons in the United States whose telephone numbers were on the National Do Not Call Registry for more than thirty days, but who received more than one telephone solicitation telemarketing call from or on behalf of Defendants with a 12-month period, from four years prior the filing of the Complaint." *Bryant,* 2020 U.S. Dist. LEXIS 226044 at * 3.

Similarly, courts in other jurisdictions across the country considering class definitions in TCPA cases repeatedly strike fail-safe class allegations in TCPA cases similar to one. For example, in *Martinez v. TD Bank USA, N.A.*, the court struck plaintiff's proposed class as fail-safe where the proposed class was defined "in terms of Defendant's liability to the proposed class members, and would require extensive fact-finding to determine whether the putative class members failed to provide express prior consent to be called." *Martinez v. TD Bank USA, N.A.*, Case No. 15-7712, 2017 U.S. Dist. LEXIS 101979, at *34 (D. N.J. June 30, 2017).

Likewise, the court in *Zarichny v. Complete Payment Recovery Servs.*, struck from the pleadings a putative TCPA class comprised of those similar to those within Plaintiff's "TCPA 227(b) Class"[2] who received telephone calls without the recipient's "prior express consent." *Zarichny v. Complete Payment Recovery Servs.,* 80 F. Supp. 3d 610, 625 (E.D. Pa. 2015).

Here, by the facts alleged in the Complaint, putative class members could only be similarly situated to Plaintiff if:

- they received prerecorded voice message calls, without providing prior express written consent (or any consent) to receive such calls (ECF No. 9 at ¶9.15-9.17); or
- they were called more than once in a twelve-month period, while on the National Do-Not-Call Registry and without first providing consent to be called (ECF No. 9 at ¶9.4 -9.5).

These putative classes of persons necessarily implicate their receipt of calls made without their "consent." In order to be included within Plaintiff's proposed classes, the Court must necessarily decide the merits of the case. Accordingly, Plaintiff's class definitions lack the ascertainability required by Fed. R. Civ. P. 23, warranting striking the class allegations.

---

[2] In *Zarichny,* the plaintiff's proposed class definition was those "who received one or more telephone calls from defendants on the individual's cellular telephone that was initiated using an automatic telephone dialing system without prior consent".

> D. Plaintiff's claims lack typicality because Defendant presents unique defenses applicable to the putative class members within the TCPA 227(c) Class and the Texas § 305.053 Class (the do not call classes).

As recently explained by the court in *Hirsch v. USHealth Advisors*, LLC, 337 F.R.D. 118, 133 (N.D. Tex. 2020), the test for typicality looks to circumstances unique to the named plaintiff which threaten to become the focus of litigation. Much of the commonality analysis applies equally to typicality because, as the Supreme Court noted in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 at 350, n. 5 (2010), the "commonality and typicality requirements of Rule 23(a) tend to merge." "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hirsch v. USHealth Advisors*, at 133, *citing Bridge v. Credit One Fin.*, 294 F. Supp. 3d 1019, 1034 (D. Nev. 2018). In this case, Defendant presents unique defenses with respect to the do not call classes.

> 1. Defendant presents unique defenses to the current and former Parkway customers, included in Plaintiff's do not call classes, and with whom Parkway has an established business relationship.

The TCPA provides a private right of action to a person who receives more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under 47 U.S.C. §227(c)(5). Relevant here, the applicable federal regulation is 47 C.F.R. §64.1200(c)(2), which provides that: "No person or entity shall initiate any telephone solicitation to: [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §64.1200(c). This regulation, however, does not "prohibit calls to persons with whom the seller has an

'established business relationship,' unless the recipient has previously made a specific do-not-call request to the caller." 47 C.F.R. §64.1200(f)(5)(i).  *See also* 47 U.S.C. §227(a)(4) (exempting calls from the definition of "telephone solicitation," made "to any person with whom the caller has an established business relationship"); 47 C.F.R. §64.1200(f)(14)(ii); see also *Buchanan v. Sirius XM Radio, Inc.*, Case No. 3:17-CV-0728-D, 2019 U.S. Dist. LEXIS 146269, at *1 (N.D. Tex. Aug. 28, 2019)(the established business relationship exception permits businesses to call members of the National DNC Registry with whom they have an existing business relationship.)  Thus, where Parkway has an "established business relationship" with putative class members because they purchased vehicles or had their vehicles serviced by Parkway, a telephone call to that class member does not constitute a "telephone solicitation" under the TCPA.

Parkway undoubtedly possesses an established business relationship defense to the do not call classes because they encompass a very large subset of the putative plaintiffs.  Any person within this these classes who either purchased a vehicle from Parkway or obtained vehicle repair from Parkway presents a class member with whom Parkway presents a unique defense.

Here, the putative do not call classes include "all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telemarketing calls were made was on the National Do-Not-Call Registry at the time of the calls," since May 18, 2019.  Because Parkway has an "established business relationship" with putative class members who are current or former Parkway customers, Parkway presents a defense to the do not call class claims.  For these reasons, Plaintiff fails to meet the typicality and adequacy requirements of Fed. R. Civ. P. 23(a).

11

      2.      <u>Defendant also presents unique defenses to the recipients of cellular telephone calls included within the do not call classes.</u>

47 C.F.R. §64.1200(c)(2) provides in pertinent part: "No person or entity shall initiate any telephone solicitation to: [a] *residential telephone subscriber* who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." (Emphasis added.) Similarly, "the plain language of 47 C.F.R. §64.1200(d) states that 'no person or entity shall initiate any call for telemarketing purposes to a *residential telephone subscriber* unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.'" *Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 U.S. Dist. LEXIS 102449, at *4 (E.D. Tex. Apr. 30, 2019) (emphasis added). "The private right of action created by 47 U.S.C. §227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers." *Id.*

Recently, courts considering do not call TCPA claims hold this section not to encompass cellular phones and have dismissed the claims, while other courts have determined a plaintiff must at least state facts establishing that the cellular phone is used for residential purposes. *Strange v. Doe #1*, No. CV 19-1096, 2020 U.S. Dist. LEXIS 84761, at *3 (W.D. La. May 12, 2020); see also *Cunningham v. Politi*, No. 4:18-CV-0362, 2019 U.S. Dist. LEXIS 102449, at *4 (E.D. Tex. Apr. 30, 2019)("The private right of action created by 47 U.S.C. §227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers. Recent courts considering [do not call] claims asserted by Plaintiff have found this not to encompass Plaintiff's cellular phones and have dismissed his claims.")

Application of either legal analysis compels the same conclusion. The do not call classes encompass persons who received telephone solicitations on their cellular telephones. Based on the cases cited above (and particularly as Plaintiff does not allege *any* putative class members uses cellular telephones for residential purposes), Defendant presents another arguable defense to the do not call classes asserted by members of the putative classes who received the allegedly offending calls on their cellular telephones. Plaintiff, therefore, asserts claims that are not typical of the class because Defendant has unique defenses to the do not call classes that do not include Plaintiff, *i.e.*, persons who received telephone solicitations on their cellular telephones. As such, Plaintiff fails to satisfy the typicality requirements of Fed. R. Civ. P. 23(a) for this reason also.

D.  Individualized issues predominate over any common issue of fact or law meaning that the putative classes cannot be certified pursuant to Fed. R. Civ. P. 23(b)(3).

Moreover, the factual allegations within Plaintiff's Complaint make clear that individualized issues particular to each putative class member will result in a multitude of mini-trials to determine membership in the class, as well as liability and damages to each putative class member. These individualized issues, apparent on the face of Plaintiff's Complaint, clearly outweigh and predominate over any questions of law and fact common to putative class members, thus making class certification improper under Fed. R. Civ. P. 23(b)(3).

Specifically, Plaintiff alleges that his cellular number of 936-662-8927 is used for residential purposes and has been on the National Do-Not-Call Registry at least six months prior to the time he received the alleged calls and texts at issue here. (ECF No. 9 at ¶¶ 9.2-9.6) Mr. Siringi also states he received fourteen prerecorded telephone calls and text messages between January 2020 and November 2020. (ECF No. 9 at ¶¶ 9.6-9.18) He also alleges that he never provided prior express written consent (or any consent) to Defendant to place these telephone calls

13

and text messages. *Id.* Plaintiff's factual averments elucidate the many individualized inquiries required to determine class membership, which include:

1. Whether an established business relationship exists between Parkway and putative class members (and whether – and when – putative class members terminated an established business relationship with Parkway through an internal do not call request);

2. Whether any putative class members who received allegedly offending calls on cellular telephones use those cellular telephones for residential purposes;

3. Whether particular putative class members provided prior express written consent or any consent to receive prerecorded voice message calls from Defendant; and

4. Whether Defendant willfully or knowingly violated the TCPA with respect to individual putative class members such that they are entitled to recover treble damages.

Such highly factual, individualized inquiries make this case improper for class certification.

"The predominance requirement of Rule 23(b)(3) is far more stringent and exacting than the commonality requirement of Rule 23(a)(2). In determining whether common issues predominate over individual issues, the court must painstakingly examine the claims and defenses at issue." *Corley v. Entergy Corp.*, 220 F.R.D. 478, 485 (E.D. Tex. 2004)(internal citations omitted).

As recently explained by the court in *Tredinnick v. Jackson Nat'l Life Ins. Co.*, the predominance inquiry in Fed. R. Civ. P. 23(b)(3) is "more demanding than the commonality requirement of Rule 23(a) and requires courts to consider how a trial on the merits would be conducted if a class were certified." *Tredinnick v. Jackson Nat'l Life Ins. Co.*, Case No. 4:16-cv-00912, 2018 U.S. Dist. LEXIS 24444 at *34 (E.D. Tex. 2018), citing *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 525 (5th Cir. 2007). Thus, the inquiry is whether the issues in the lawsuit could cause the proposed class to "degenerate into a series of individual trials," such that class certification is inappropriate. *Id.*

14

The Fifth Circuit's analysis in *Frey v. First Nat'l Bank* provides guidance about Fed. R. Civ. P 23(b)(3)'s predominance inquiry:

> The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. This inquiry requires us to consider how a trial on the merits would be conducted if a class were certified. This entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class, a process that ultimately prevents the class from degenerating into a series of individual trials.

*Frey v. First Nat'l Bank,* 602 F. App'x 164, 169-70 (5th Cir. 2015) (internal citations omitted).

As explained above, at least four individualized issues exist with respect to each putative class member requiring evaluation on a case-by-case basis. Courts consistently hold that individualized issues such as these consume a TCPA putative class action, result in a mini-trial for each class member, and predominate over any common issues.

### VII. **CONCLUSION**

For the reasons explained herein, Defendant respectfully moves the Court for an Order striking all class claims asserted in Plaintiff's Complaint.

Date: June 23, 2023

Respectfully submitted,

*/s/ Lisa A. Messner*
Lisa A. Messner (*Admitted Pro Hac Vice*)
MAC MURRAY & SHUSTER LLP
6525 W. Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
lmessner@mslawgroup.com

**ATTORNEY FOR PARKWAY FAMILY MAZDA/KIA**

15

## **CERTIFICATE OF SERVICE**

     I certify that on June 23, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

                                             */s/ Lisa A. Messner*
                                             Counsel for Defendant, Parkway Family Mazda/Kia