United States District Court
Southern District of Texas
**ENTERED**
October 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COSBY SIRINGI, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-1499 |
| PARKWAY FAMILY MAZDA/KIA, | § § § | |
| Defendant. | § § § § | |

**MEMORANDUM AND OPINION**

**I.  Background**

The plaintiff, Cosby Siringi, alleges that he received prerecorded telemarketing calls and text messages to his residential phone from Parkway Family Mazda/Kia even though his phone number was on the National Do Not Call Registry and he had not consented to receive the calls and texts. (Docket Entry No. 29 at 10–13). Siringi sues Parkway on behalf of himself and similarly situated individuals, seeking class certification. He alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and its implementing regulations, and the Texas Business & Commerce Code, § 302.101. (*Id.* at 19–22).

In June 2023, Parkway moved to dismiss Siringi's first amended complaint under Rule 12(b)(6), (Docket Entry No. 18), and separately moved to dismiss or strike the class allegations under Rule 12(f), (Docket Entry No. 19). Before ruling on the motions, the court granted Siringi leave to file his second amended complaint, (Docket Entry No. 29), which moots Parkway's Rule 12(b)(6) motion to dismiss. *See Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 795, 797 (5th Cir. 2017). Parkway's motion to dismiss or strike is ripe for consideration because Siringi's pleading

amendment left the class allegations unchanged. Based on the pleadings, motion, response, and applicable law, Parkway's motion to dismiss or strike, (Docket Entry No. 19), is denied. The reasons are set out below.

## II. The Legal Standards

### A. Rule 23

Under Rule 23(a), plaintiffs seeking class certification must satisfy four elements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. FED. R. CIV. P. 23(a); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011).

Numerosity means that "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). Commonality means that "there are questions of law or fact common to the class." *Id.* 23(a)(2). Typicality means that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Id.* 23(a)(3). Adequacy means that the representative party and the named class counsel "will fairly and adequately protect the interests of the class." *Id.* 23(a)(4).

Once the plaintiff satisfies those four elements, he must further show that the class action falls within at least one of the following three categories under Rule 23(b): (1) cases in which prosecuting separate actions by or against individual class members would create a risk of inconsistent adjudication; (2) cases in which "the party opposing the class has acted or refused to act on grounds that apply generally to the class," so that final injunctive or declaratory relief is appropriate with respect to the class as a whole; or (3) cases in which "questions of law or fact common to class members predominate over any questions affecting only individual members" and the "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* 23(b).

###    B.    Rule 12(f)

Rule 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A district court may strike class allegations "[w]here it is facially apparent from the pleadings that there is no ascertainable class[.]" *John v. Nat'l Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). "If the viability of a class depends on factual matters that must be developed through discovery, a motion to strike will be denied pending the full-blown certification motion." MCLAUGHLIN ON CLASS ACTIONS § 3:4 (20th ed.); *see also Gant v. Whynotleasit, LLC*, 2014 WL 12606313, at *2 (S.D. Tex. Dec. 11, 2014), *report and recommendation adopted*, 2015 WL 12804529 (S.D. Tex. Jan. 16, 2015) ("[I]t is premature to strike Plaintiff's class allegations" because "discovery in this case is ongoing").

###    C.    The Telephone Consumer Protection Act

Section § 227(b) of the Telephone Consumer Protection Act prohibits making telephone calls using "any automatic telephone dialing system or an artificial or prerecorded voice" . . . "to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call . . . ." § 227(b)(1)(A)(iii).

The Federal Communications Commission promulgated 47 C.F.R. § 64.1200 under its authority to implement the Telephone Consumer Protection Act. *See* § 227(c). Section 64.1200(c)(2) prohibits making "telephone solicitation[s]" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." Section 64.1200(c)(2) exempts from liability a caller who "has obtained the subscriber's prior express invitation or permission" to place the call. § 64.1200(c)(2)(ii). "Such permission must be

3

evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed." *Id.* Section 64.1200(c)(2) does not apply when the caller has an "established business relationship" with the residential telephone subscriber.[1] § 64.1200(f)(15)(ii).

### D. The Texas Business and Commerce Code §§ 302.101 and 305.053

Section 302.101 of the Texas Business and Commerce Code provides that "[a] seller may not make a telephone solicitation from a location in [Texas] or to a purchaser located in [Texas] unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." § 302.101(a). Section 305.053 provides that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: (1) an injunction; (2) damages in the amount provided by this section; or (3) both an injunction and damages." § 305.053(a).

## III. Analysis

Siringi brings this action on behalf of four proposed classes, which he defines as follows:

**"TCPA 227(b) Class"**

Since May 18, 2019, through the date of certification, Plaintiff and all persons within the United States to whose cellular telephone number Defendant placed or authorized Coastal to place on Defendant's behalf a prerecorded or artificial voice telemarketing call.

---

[1] An "established business relationship" means:

a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party.

47 C.F.R. § 64.1200(f)(5).

**"TCPA 227(c) Class"**

Since May 18, 2019, through the date of certification, all persons within the United States to whose telephone number Defendant directed a third-party software company to placed two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry at the time of the calls.

**"Texas § 302.101 Class"**

Since May 18, 2019, through the date of certification, Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.

**"Texas § 305.053 Class"**

Since May 18, 2019, through the date of certification, Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed or authorized Coastal or third=party software companies to place on Defendant's behalf a call in violation of 47 U.S.C. § 227 or regulation promulgated thereunder.

(Docket Entry No. 29 at 16–17).

Parkway moves to dismiss or strike the class allegations on the grounds that the proposed classes: (1) fail to meet the requirements of Rule 23(a) and (b); and (2) are improper "fail-safe classes." (Docket Entry No. 19 at 1). Because Parkway challenges the proposed classes on the pleadings, it must demonstrate that the proposed classes are flawed on the face of the complaint. The court finds that the viability of the proposed classes turns on factual matters that must be developed in discovery, and accordingly denies Parkway's motion to dismiss at this stage.

A.   **Rule 23**

Parkway first argues that Siringi cannot satisfy Rule 23(b)(2), which permits class certification if "Rule 23(a) is satisfied and if: . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Parkway relies on *Wolfkiel v. Intersections Ins. Servs.*, 303 F.R.D. 287, 293 (N.D. Ill. 2014), for the proposition that, to bring a

5

class action under Rule 23(b)(2), "the main relief sought [must be] injunctive or declaratory, and the damages [] only incidental." (quotation marks and quoting reference omitted). According to Parkway, class actions under the Telephone Consumer Protection Act can never be certified under Rule 23(b)(2) "because the TCPA provides statutory money damages for each offense of the TCPA." (Docket Entry No. 19 at 6). Parkway correctly observes that Rule 23(b) establishes three potential avenues for class certification; Siringi seeks certification under both Rule 23(b)(2) and (3). (*Id.* at 5–6).

Parkway argues that certification is also improper under Rule 23(b)(3) because "individualized issues particular to each putative class member will result in a multitude of mini-trials to determine membership in the class, as well as liability and damages to each putative class member." (Docket Entry No. 19 at 13). Parkway identifies the following individualized inquiries that must be answered to determine class membership and damages:

> 1. Whether an established business relationship exists between Parkway and putative class members (and whether – and when – putative class members terminated an established business relationship with Parkway through an internal do not call request);
>
> 2. Whether any putative class members who received allegedly offending calls on cellular telephones use those telephones for residential purposes;
>
> 3. Whether particular putative class members provided prior express written consent or any consent to receive prerecorded voice message calls from [Parkway]; and
>
> 4. Whether [Parkway] willfully or knowingly violated the TCPA with respect to individual putative class members such that they are entitled to recover treble damages.

(*Id.* at 14).

These questions turn on "factual matters that must be developed through discovery." MCLAUGHLIN ON CLASS ACTIONS § 3:4; *see also Gant*, 2014 WL 12606313, at *2; *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93–95 & n.30 (3d Cir. 2011), *opinion reinstated*

6

*in part*, 2012 WL 2052685 (3d Cir. Apr. 17, 2012) ("[I]n the specific context of claims filed under the TCPA statute, it is difficult to resolve without discovery whether there are factual issues regarding class members' business relationships with defendants or whether they consented . . . ."). At the same time, individual issues material to resolving "one or more affirmative defenses" do not usually defeat class certification under Rule 23(b)(3), at least where "common issues otherwise predominate[]." *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 39 (1st Cir. 2003). Although class certification must be determined as early as practicable, some targeted discovery appears to be necessary to determine whether Siringi's allegations do, or do not, satisfy Rule 23(b)(2) or (3).

Parkway next argues that Siringi's class allegations do not satisfy Rule 23(a)'s typicality requirement because Siringi's claims are not typical of the claims or defenses of the purported class members. (Docket Entry No. 19 at 10). Parkway argues that it has two "unique defenses" that will apply to many of the putative class members, but not to Siringi. First, Parkway asserts that it has an "established business relationship" with many of the putative class members. (*Id.* at 10–11). Second, Parkway asserts that many of the putative class members received calls to non-residential phone numbers, and § 64.1200 prohibits telephone solicitations only to residential phone numbers. (*Id.* at 12).

Parkway's arguments do not establish that it is "facially apparent" from the complaint that Siringi's proposed classes are uncertifiable. That Parkway may have valid affirmative defenses against some unknown number of class members does not defeat certification. *See Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677–78 (7th Cir. 2009). Parkway may raise these arguments again after discovery has shed light on the prevalence of these issues within the putative classes. *See Gant*, 2014 WL 12606313, at *2 (denying a motion to strike Telephone Consumer Protection

7

Act class allegations based on alleged individualized issues of consent); *Sagar v. Kelly Auto. Group, Inc.*, 2021 WL 5567408, at *7 (D. Mass. Nov. 29, 2021) (denying a motion to strike Telephone Consumer Protection Act class allegations based on "question[s] of consent" and "the issue of the existence of prior business relationships"); *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 318 (D. Mass. 2020) (the defendant's "citation of consent as a potential affirmative defense is insufficient to warrant striking the [Texas Consumer Protection Act] putative class solely on the pleadings").

### B. Fail-Safe Classes

"A fail-safe class is a class whose membership can only be ascertained by a determination of the merits of the case because the class is defined in terms of the ultimate question of liability." *In re Rodriguez*, 695 F.3d 360, 369–70 (5th Cir. 2012). "The class definition precludes the possibility of an adverse judgment against class members; the class members either win or are not in the class." *Id.* at 370 (quoting reference omitted) (alteration adopted). "Stated otherwise, the class definition is framed as a legal conclusion." *Id.*

The Fifth Circuit has rejected a *per se* rule against the certification of fail-safe classes. *Id.* (citing *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620 (5th Cir. 1999), and *Forbush v. J.C. Penney Co.*, 994 F.2d 1101 (5th Cir. 1993), *abrogated on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)). A class "defined with reference to an ultimate issue of causation does not prevent certification," so long as "the class is [] linked by a common complaint." *Id.* (quoting *Mullen*, 186 F.3d at 624 n.1 (5th Cir. 1999)).

Parkway argues that Siringi's proposed classes are fail-safe because they comprise only persons who received calls from Parkway without consent. (Docket Entry No. 19 at 9). Parkway

argues that the putative class members cannot be ascertained until the court decides the merits of the case. (*Id.*).

The court finds that Siringi's proposed classes are not fail-safe. The proposed classes are not limited to persons who did not consent to be called by Parkway. (Docket Entry No. 29 at 16–17). The § 227(c) class definition is limited to persons who received calls to numbers that were on the National Do Not Call Registry, but that does not make the class fail-safe. *See Sagar*, 2021 WL 5567408, at *7 ("This class, defined by the objective fact of placing a number on the Do Not Call Registry, is not impermissibly based on a legal conclusion. It is difficult to imagine how a plaintiff could define a class alleging 'Do Not Call' Registry violations without requiring that class members placed their numbers on the Registry."); *Bryant v. King's Creek Plantation, LLC*, Case No. 4:20-cv00061, ECF No. 58 (E.D. Va. July 23, 2020) ("This Court held that lack of consent in a class definition would require the Court to draw a legal conclusion impermissibly. . . . Upon reconsideration, the Court has determined that it erred by equating a member's inclusion on a Do Not Call list to a lack of consent.").

Parkway identifies two potential fact issues that could be determinative of a class member's Do Not Call claims. First, a class member with an "established business relationship" with Parkway could not prevail. (Docket Entry No. 19 at 10–11). Second, a class member who was called on a non-residential telephone number could not prevail. (*Id.* at 12–13). Siringi's proposed classes are not defined to include only plaintiffs without an "established business relationship" with Parkway who received calls from Parkway on a residential telephone number. Accordingly, it is not true that the putative class members "either . . . win or, by virtue of losing, [] are not in the class." *In re Nexium Antitrust Litig.*, 777 F.3d 9, 22 n.19 (1st Cir. 2015) (quoting reference omitted).

9

Finally, even if Siringi's proposed classes are fail-safe, this would not preclude certification because the classes are "linked" by a "common complaint"—unwanted telephone calls from Parkway. *In re Rodriguez*, 695 F.3d at 370.

## IV. Conclusion

Parkway's motion to dismiss or strike the class allegations in Siringi's complaint, (Docket Entry No. 19), is denied.

SIGNED on October 30, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge